IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA OBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14 C 7369 |
| ) | |
| BLATT, HASENMILLER, ) | |
| LEIBSKER & MOORE, LLC and ) | |
| MIDLAND FUNDING LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Barbara Oberg sued Blatt, Hasenmiller, Leibsker & Moore, LLC, and Midland Funding, LLC, alleging that Blatt and Midland violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. She has since settled her dispute with Midland. Oberg claims that Blatt, a law firm, violated the FDCPA's venue provision, 15 U.S.C. § 1692i, when it filed a debt collection suit on Midland's behalf against Oberg in the Circuit Court of Cook County's First Municipal District rather than its Second Municipal District, the district in which Oberg resided at the time. Oberg also claims that Blatt violated the FDCPA by misrepresenting the value of her debt during a phone call she made to inquire about it. Both Oberg and Blatt have moved for summary judgment. For the reasons stated below, the Court grants Oberg's motion in part and otherwise denies both parties' motions.

## Background

The following facts are undisputed. In March 2014, Blatt filed suit in the Circuit Court of Cook County against Oberg on behalf of Midland Funding, LLC, to collect an outstanding consumer debt in the amount of $12,464.63. *Midland Funding LLC v. Barbara Oberg*, 2014–M1 112948 (Ill. Cir. Ct. Cook Cty.). Oberg lives in Des Plaines, Illinois, which is located within the Circuit Court of Cook County's Second Municipal District. The courthouse for that district is in Skokie. Rather than filing suit there, Blatt filed in the First Municipal District, the courthouse for which is in downtown Chicago at the Richard J. Daley Center. In the course of filing the suit, Midland and Blatt paid a $247.00 filing fee, and Blatt paid a $60.00 fee to the Cook County Sheriff to effect service on Oberg.

About three weeks after Blatt filed the debt collection suit, Oberg telephoned Blatt to inquire about her debt and how she might be able to repay it. During the call, one of Blatt's authorized agents made a representation to Oberg that she had "a balance of $12,771.63" and that "a lawsuit was filed on this account so the balance does include the court fee of $307.00." Oberg appeared at the Daley Center and filed an appearance in the collection case in April 2014, incurring expenses in the amount of $186.00.

Oberg filed this lawsuit on September 22, 2014. She submitted a first amended complaint in January 2015 and a second amended complaint in April 2015. In her second amended complaint, Oberg alleged that Blatt violated the venue provision of the FDCPA, 15 U.S.C. § 1692i(a), when it filed the debt collection suit against her in the First Municipal District rather than the Second. Oberg also claimed that Blatt's statement to Oberg about the value of her debt was violated sections 1692e and 1692f because it

2

misrepresented the value of her debt and constituted an unconscionable means of collection. Now that discovery is complete, both sides have moved for summary judgment.

## Discussion

Congress protects the interests of debtors through the FDCPA, which imposes civil liability on debt collectors who fail to comply with a variety of restrictions and requirements that guide the process of debt collection. See 15 U.S.C. § 1692k(a). Under the FDCPA, debt collectors may communicate with debtors only at certain times of day. *Id.* § 1692c. They may contact third parties only to seek a debtor's contact information and typically may do so only once. *Id.* § 1692b. They are strictly prohibited from harassing or abusing debtors by making threats or using obscene or profane language. *Id.* § 1692d. They may not make false representations regarding a debt's character, amount, or legal status, *id.* § 1692e(2), and they may not use unconscionable means to collect on a debt, *id.* § 1692f. In addition, they are required to sue the debtor in "the judicial district or similar legal entity" in which the debtor resides or in which the underlying contract was signed. *Id.* § 1692i(a).

The FDCPA also provides some safeguards for debt collectors who take appropriate measures to comply with the statute. Under the statute's "bona fide error" defense, "[a] debt collector may not be held liable . . . if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *Id.* § 1692k(c). Under the statute's "safe harbor" provision, debt collectors are not liable for acts done or omitted "in good faith in conformity with any

3

advisory opinion of the [Consumer Financial Protection Bureau (CFPB)], notwithstanding that after such act or omission has occurred, such opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason." *Id.* § 1692k(e).

Both parties have moved for summary judgment on all of Oberg's claims. Blatt contends that it is not liable for a violation of the FDCPA's venue provision because it filed in the First Municipal District in reasonable reliance on then-controlling Seventh Circuit precedent, and that it is not liable under the FDCPA for its statements to Oberg regarding her debt because they were neither false nor coercive. Oberg contends that Blatt's reliance on Seventh Circuit precedent does not excuse Blatt from liability for suing in the wrong district and that no other genuine factual dispute exists regarding her improper venue claim. Oberg also seeks summary judgment on her section 1692e and section 1692f claims.

A party is entitled to summary judgment if it shows that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). On a motion for summary judgment, the Court views the record in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. On cross-motions for summary judgment, the Court assesses whether each movant has satisfied the requirements of Rule 56. *See Cont'l Cas. Co. v. Nw. Nat'l Ins. Co.*, 427 F.3d 1038, 1041 (7th Cir. 2005); *see also Laskin v. Siegel*, 728 F.3d 731, 734 (7th Cir. 2013).

## A. Claim under section 1692i(a)

Under the FDCPA, "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such an action only in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a). Prior to July 2014, the Seventh Circuit defined "judicial district or similar legal entity" in Illinois as the Illinois Circuit Courts, not the intra-county districts used to determine venue in Cook County. *Newsom v. Friedman*, 76 F.3d 813, 820 (7th Cir. 1996). Under the Seventh Circuit's interpretation of the statute in *Newsom*, Blatt was entitled to file suit against Oberg in any district in Cook County. In July 2014, however, the Seventh Circuit, sitting en banc, overruled *Newsom*, concluding that the statutory reference to "judicial district or similar legal entity" means the "smallest geographic area that is relevant for determining venue in the court system in which the case is filed." *Suesz v. Med–1 Sols., LLC*, 757 F.3d 636, 638 (7th Cir. 2014) (en banc).

The gist of Blatt's argument on summary judgment is that it is inappropriate to impose civil liability on a debt collector who followed controlling circuit precedent in determining where to file suit. Blatt grounds this argument on three bases. First, Blatt argues that its reliance on *Newsom* was a bona fide error within the meaning of section 1692k(c). Second, it contends that its reliance on controlling circuit court precedent entitles it to the safe harbor protection of section 1692k(e). Third, Blatt says that even if relying on *Newsom* was not a bona fide error or protected under the safe harbor provision, *Suesz* should not be applied retroactively to Blatt because doing so would violate its due process rights.

The attorneys in this case are the same attorneys battling over this issue in at least twenty-eight other lawsuits currently pending in this district. In one of those cases, this Court rejected all three of these arguments. *See Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 8271, 2015 WL 5117077 (N.D. Ill. Aug. 28, 2015). Since then, other judges in this district have reached the same conclusion. *See Desfassiaux v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 8663, 2015 WL 6798301 (N.D. Ill. Oct. 30, 2015); *Browne v. John C. Bonewicz, P.C.*, No. 14 C 6312, 2015 WL 6165033 (N.D. Ill. Oct. 20, 2015); *Maldonado v. Freedman Anselmo Lindberg, LLC*, No. 14 C 6694, dkt. no. 77-1, at 8 (N.D. Ill. Oct. 14, 2015); *Rowan v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 8923, 2015 WL 5920873 (N.D. Ill. Oct. 8, 2015); *Conroy v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 6725, 2015 WL 5821642 (N.D. Ill. Oct. 1, 2015); *but see Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, No. 14 C 6447, 2015 WL 4253795 (N.D. Ill. July 14, 2015).

The Court need not delve into great detail to repeat its ruling in *Portalatin* on these points, so it will address each argument only briefly. First, the FDCPA's bona fide error defense does not shield Blatt from liability. To qualify for the bona fide error defense, a defendant must show that: (1) the FDCPA violation was not intentional; (2) the violation resulted from a bona fide error; and (3) the defendant maintained procedures reasonably adapted to avoid such error. *See* 15 U.S.C. § 1692k(c); *Ruth v. Triumph P'ships*, 577 F.3d 790, 803 (7th Cir. 2009). The parties here dispute only the second element of the defense: whether Blatt's reliance on *Newsom* was a bona fide error. The Supreme Court has held that "bona fide errors in § 1692k(c) do not include mistaken interpretations of the FDCPA." *Jerman v. Carlisle, McNellie, Rini, Kramer, &*

6

*Ulrich LPA*, 559 U.S. 573, 587 (2010). Blatt argues that *Jerman* is off point because the debt collector in that case exercised its own legal judgment in guessing which was the correct side of a circuit split. Blatt, by contrast, followed controlling precedent and relied on the legal judgment of the Seventh Circuit. Blatt says that makes this case like *Kort v. Diversified Collection Services, Inc.*, 394 F.3d 530 (7th Cir. 2005), in which the Seventh Circuit held that the bona fide error defense protects a debt collector whose mistake of law is not based on the collector's own exercise of legal judgment.

This is wrong for two reasons that this Court and others have already explained. First, *Kort* predates *Jerman*, so the continued validity of its central holding is open to question. Second, and more importantly, Blatt is not like the debt collector in *Kort* because Blatt did exercise legal judgment. As this Court previously noted, "[n]othing required Blatt to file suit in the First Municipal District. The court in *Newsom* interpreted the FDCPA to permit a debt collector to file suit in whatever courthouse it wished, so long as the courthouse was within the proper county." *Portalatin*, 2015 WL 5117077, at *4. Blatt chose to file at the Daley Center instead of the Skokie courthouse; the bona fide error defense does not exempt Blatt from liability for making this choice.

Next, Blatt argues that the safe harbor provision in section 1692k(e) reflects Congress's intent to protect debt collectors from changes in decisional law that convert lawful conduct into unlawful conduct. But section 1692k(e) does no such thing. Rather, it provides that a debt collector that acts in reliance on a CFPB advisory opinion cannot be held liable even if the CFPB advisory opinion is later rescinded or reversed, either by the agency or by judicial decision. *See* 15 U.S.C. § 1692k(e). As the Supreme Court explained in *Jerman*, the whole point of authorizing the CFPB to produce advisory

7

opinions is to encourage debt collectors to seek CFPB guidance regarding the meaning of the FDCPA. *See Jerman*, 559 U.S. at 587–88. There is no basis to read this specifically focused statute as applying to interpretations of the FDCPA issued by courts. *See Hillman v. Maretta*, 133 S. Ct. 1943, 1953 (2013) ("[W]here Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent."); *Desfassiaux*, 2015 WL 6798301, at *4.

Finally, Blatt argues that *Suesz* should not be applied retroactively because to do so would violate Blatt's due process rights. Blatt relies on *Velasquez-Garcia v. Holder*, 760 F.3d 571 (7th Cir. 2014), for the proposition that *Suesz* should be denied retroactivity, at least for Cook County debt collectors, due to the abruptness of the change in the law, the degree to which Blatt relied on the old rule, and the reasonableness of Blatt's reliance. Blatt contends that it would be unfair to apply *Suesz*'s new rule to debt collectors in Cook County, who reasonably relied on *Newsom* for eighteen years and had no notice that the law would change or opportunity to defend itself in court.

There are three problems with this argument. First, *Velasquez-Garcia* is not on point. The court in *Velasquez-Garcia* was confronting the question whether a new rule had retroactive effect when it was promulgated through agency adjudication, which means the starting point for the court was a presumption against retroactivity. The court also observed that the "presumption against retroactive application of legal rules is reversed, however, in the special case where a court furnishes the new rule," *id.* at 580, which is precisely what the Seventh Circuit did in *Suesz*. Secondly, the Seventh Circuit

8

in *Suesz* stated that its holding would apply retroactively. The court noted that "a prior decision of one intermediate appellate court does not create the degree of certainty concerning an issue of federal law that would justify reliance so complete as to justify applying a decision only prospectively in order to protect settled expectations." *Suesz*, 757 F.3d at 649–50. The court gave no indication that it intended its holding to apply retroactively only to that particular case or to any particular subset of debt collectors in the circuit, and there is no good reason to read *Suesz* that way. Lastly, as another judge in this district has noted, Blatt's due process argument is weakened because it filed the collection suit against Oberg *after* the first panel heard *Suesz* and the Seventh Circuit granted rehearing en banc, making continued reliance on *Newsom* problematic. *See Desfassiaux*, 2015 WL 6798301, at *3. For these reasons, the Court denies Blatt's motion for summary judgment on Oberg's section 1692i(a) claim.

Oberg also seeks summary judgment on her section 1692i(a) claim, arguing that the record presents no genuine factual dispute material to the claim. The Court disagrees. As stated above, a plaintiff pursuing a claim under section 1692i(a) must prove by a preponderance of the evidence that (1) defendant is a "debt collector"; (2) plaintiff is a "consumer"; (3) defendant brought a "legal action on a debt"; and (4) that action was brought in the "judicial district or similar legal entity" in which the consumer either "signed the contract sued upon" or "reside[d] at the commencement of the action." 15 U.S.C. § 1692i(a). A debt collector who does not comply with the FDCPA can be assessed statutory damages up to $1,000 in addition to any actual damages the debt collector's noncompliance causes.

9

Blatt contends that Oberg has not adduced evidence that proves the debt giving rise to Blatt's collection action was a "debt" under the statute, which the FDCPA defines as an obligation arising out of a transaction made "primarily for personal, family, or household purposes."[1] *Id.* § 1692a(5). Accordingly, Blatt disputes whether it is a debt collector, whether its action sought to collect on a debt, and whether Oberg is a consumer who is obligated to pay a debt. Blatt also disputes whether Oberg should be awarded any statutory damages and whether Oberg suffered any harm giving rise to any actual damages.

The Court agrees that genuine factual disputes remain regarding whether Oberg's debt is a consumer debt under the FDCPA and whether and to what extent Oberg is entitled to damages. Oberg has claimed that she incurred her debt for personal purposes, but her assertion on this point is somewhat conclusory, and she resisted Blatt's discovery request seeking information about the purchases that made up the debt. At this point, Oberg has not offered evidence that entitles her to summary judgment. Oberg has also stated that Blatt's alleged FDCPA violation caused her mental anguish, inconvenience, and expense, but on these points there are genuine factual disputes. Accordingly, Oberg is not entitled summary judgment on her section 1692i(a) claim. She is, however, entitled to summary judgment in her favor on Blatt's bona fide error, safe harbor, and due process defenses. In addition, Blatt has waived or forfeited its statute of limitations defense and its defense that Oberg's claims are subject

---

[1] Blatt argues that Oberg has not shown she is a "consumer" under the statute, but its argument is focused on the nature of the transaction giving rise to the debt, not whether Oberg is a "natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

to arbitration, as well as its equitable defenses. The only affirmative defense that remains for trial is Blatt's allegation that Oberg failed to mitigate her damages.

**B.     Claim under sections 1692e and 1692f**

Both parties seek summary judgment on Oberg's claim that Blatt violated two provisions of the FDCPA when its authorized representative told her that her balance was $12,771.63 and included a court fee of $307. Section 1692e provides that a debt collector violates the FDCPA when it uses "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including making any false representation of the character, amount, or legal status of the debt. 15 U.S.C. § 1692e. Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," *id.* § 1692f, including collecting or attempting to collect any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f(1).

In determining whether a debt collector's communication to a consumer is misleading or deceptive, a court asks "whether a person of modest education and limited commercial savvy would be likely to be deceived." *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769, 774 (7th Cir. 2007). The court must view the communication through the lens of an "unsophisticated consumer," and the question whether that communication is confusing is a question of fact. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014).

Blatt argues that it did not misrepresent the value of Oberg's debt but rather engaged in a settlement negotiation with her in which it apprised her of the total amount Blatt hoped to recover from her. Citing *Zemeckis v. Global Credit & Collection Corp.,*

11

679 F.3d 632 (7th Cir. 2012), Blatt insists that it is not unlawful to tell a debtor during a settlement negotiation that her debt includes the costs defendant incurred to collect the debt. This is especially true, says Blatt, where state law permits a victorious plaintiff in a collection lawsuit to recover costs and fees and where the debt collector correctly calculates the amount of the fees accurately reports them to the consumer.

*Zemeckis* is not on point. In that case, the Seventh Circuit confronted an entirely different question under a separate provision of the FDCPA, namely, whether a dunning letter's vaguely threatening language about a possible lawsuit renders its debt validation notice inadequate under section 1692g of the Act. See *Zemeckis*, 679 F.3d at 633. By contrast, this case concerns whether it is a misrepresentation under section 1692e or unconscionable under section 1692f for a debt collector to represent to a debtor whose underlying debt is $12,464.63 that her balance is $12,771.63 because it includes a $307 court fee. The Seventh Circuit's holding in *Zemeckis* that aggressively threatening possible future legal action in a collection letter and inconspicuously placing the required validation notice on the letter's back side is not sufficient to state a claim under section 1692g sheds virtually no light on the issue presented here.

Neither side has cited the Seventh Circuit case that is controlling. In *Shula v. Lawent*, 359 F.3d 489 (7th Cir. 2004), a debt collector filed suit against a consumer to collect on a debt in an Illinois state court. After the suit was filed, the consumer paid her creditor in full, and the debt collector stopped pursuing the case in the state court. Without ever having secured a judgment in the state action (the state court dismissed the action on its own initiative two years later), the debt collector sent a letter to the consumer demanding money to cover court costs in that proceeding. *Id.* at 490.

Although the Seventh Circuit acknowledged that Illinois law provides that "[c]ourt costs expended by the agency or the creditor for filing a complaint are recoverable by the agency or the creditor if the principal on the debt is paid before the judgment is issued," 225 ILCS 425/8a-1(b), the court held that the debt collector's demand violated sections 1692e and 1692f. *Shula*, 359 F.3d at 492–93. The court explained that the debt collector violated section 1692e because where there has been no judgment, awarding costs is a matter committed to a judge's discretion, and even where judgment is entered against the consumer, "a judicial order is still necessary for a debt to arise." *Id.* at 491. The court concluded that the debt collector violated section 1692f because the money it demanded from the consumer was not "permitted by law" to be the subject of a collection action, insofar as the debt did not arise "by operation of law, since, as we said earlier, that would have required the entry of a judicial order commanding him to pay the costs." *Id.* at 492.

The question in this case is not whether Blatt actually incurred $307 in costs associated with the state court collection action—both sides agree it did. The question is whether, by the way Blatt communicated its interest in recovering those costs from Oberg, it gave the impression to an unsophisticated consumer that she was legally obligated to pay the additional $307. Even now, no judgment has been entered in Blatt's collection action in state court. No court has ever ordered Oberg to pay the incidental costs, court costs, or attorney's fees that her creditor incurred in the course of collecting her outstanding debt. It would have been inaccurate, then, to tell her that the debt she owed was $12,771.63. By telling her that her balance included the court costs, Blatt represented to Oberg that she was obligated to repay both her debt and Blatt's

13

court costs. But Oberg was not legally required to pay the $307 fee added to her balance, and as a reasonable, unsophisticated consumer, there is no reason she would have known as much when Blatt's authorized representative indicated otherwise. Accordingly, the Court grants plaintiff's motion for summary judgment as to liability on her claims under sections 1692e and 1692f.

## Conclusion

For the foregoing reasons, the Court grants in part and denies in part plaintiff's motion for summary judgment [dkt. no. 67] and denies defendant's motion for summary judgment [dkt. no. 64]. Plaintiff is entitled to summary judgment on defendant's affirmative defenses other than failure to mitigate damages on plaintiff's claim under 15 U.S.C. § 1692i(a) (Count 1a of her second amended complaint), and plaintiff is also entitled to summary judgment as to liability on her claims under 15 U.S.C. §§ 1692e and 1692f (Counts 1b and 1c). The case is set for a status hearing on January 7, 2015 at 9:30 a.m. to set a schedule for further proceedings.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 29, 2015